UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER CHERRY,

        Plaintiff,                                      Case Number 18-13364

v.                                                        Honorable David M. Lawson

AMERICAN COUNTRY INSURANCE
COMPANY,

        Defendant.

_____/

## ORDER OF DISMISSAL

On October 27, 2018, the plaintiff filed his complaint in this case seeking a declaratory judgment that the defendant, his insurer, is obligated to pay any judgment that may be lodged against him in a separate lawsuit presently pending in the Wayne County, Michigan circuit court. In his complaint, the plaintiff alleged that the Court has diversity jurisdiction over his claims under 28 U.S.C. § 1332. However, his complaint failed to allege any facts sufficient to establish the citizenship of the parties. The Court therefore ordered the plaintiff to show cause why the case should not be dismissed for want of jurisdiction. On November 18, 2018, the plaintiff filed an amended complaint and a response to the order to show cause in which he now asserts that the Court has both diversity and federal question jurisdiction over the case. After reviewing the amended pleading and the plaintiff's show cause response, the Court finds that the complaint fails to plead sufficient facts to establish any basis for federal jurisdiction over the purely state law claims that he has raised. The complaint therefore will be dismissed without prejudice.

"The jurisdiction of federal courts is defined by Article III of the United States Constitution and by acts of Congress." *Williams v. Duke Energy Int'l, Inc.*, 681 F.3d 788, 798 (6th Cir. 2012). Diversity jurisdiction is provided for in Section 1332 of Title 28, which states, "[t]he district courts

shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States . . . ." 28 U.S.C. § 1332. "Diversity of citizenship . . . exists only when no plaintiff and no defendant are citizens of the same state." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (quotation marks omitted). With respect to natural persons, "citizenship for purposes of 28 U.S.C. § 1332(a) means domicile rather than residence." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Ibid.* With respect to corporate entities, federal courts "deem a corporation to have the citizenship of its state of incorporation and its principal place of business, 28 U.S.C. § 1332(c)(1)." *Safeco Insurance Co. of America v. City of White House, Tenn.*, 36 F.3d 540, 544 (6th Cir. 1994). In his original complaint, the plaintiff alleged only that he "resides" in Wayne County, Michigan, and that the defendant has a "principle [sic] place of business [in Illinois]." The complaint did not allege any facts to suggest where the plaintiff is domiciled or where the corporate defendant is incorporated, and the amended complaint adds nothing to the deficient factual premises stated in the original. The plaintiff therefore has failed to establish that the requirements for diversity jurisdiction are satisfied.

The federal district courts also have original jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. However, a claim falls within this Court's original jurisdiction under 28 U.S.C. § 1331 "only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law." *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (quoting

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "[The well-pleaded complaint] rule provides that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The plaintiff first attempts to invoke the Full Faith and Credit Clause of the federal Constitution, Art. IV, § 1, and the statutory implementation of that clause under 28 U.S.C. §§ 1738, 1739. He contends that via his lawsuit he seeks to secure "full faith and credit" for any judgment of liability that may be entered against him in the underlying action, by means of a judgment of this Court "giving effect" to any such judgment and requiring the defendant insurer to indemnify him pursuant to a policy of insurance under which he believes he is covered. That position might have some persuasive import if the plaintiff himself held any judgment that he meant to enforce and to which he wanted this Court to afford faith and credit. But it is evident from the pleadings that he is not a judgment creditor nor likely soon to become one; instead he alleges that he expects to become a judgment *debtor*, and he merely seeks to enforce a contractual obligation of indemnification which he alleges requires the defendant to cover any loss that he may suffer as a result. Moreover, it is well settled that "the Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action." *Thompson v. Thompson*, 484 U.S. 174, 182 (1988); *see also Minnesota v. Northern Securities Co.*, 194 U.S. 48, 72 (1904) ("[Article IV, Section 1] only prescribes a rule by which courts, Federal and state, are to be guided when a question arises in the progress of a pending suit as to the faith and credit to be given by the court to the public acts, records, and judicial proceedings of a state other than that in which the court is sitting [, and] invok[ing] the rule which it prescribes does not make a case arising under the Constitution or laws of the United States.").

Next the plaintiff contends that there is a "federal question" implicated by his claims because the insurance policy at issue covered the operation of a commercial vehicle, and the state laws that regulate such policies "adopted" requirements from certain federal regulations relating to the operation of motor vehicle carriers. However, he does not explain how federal regulations prescribing the minimum level of financial responsibility that must be maintained by a regulated motor carrier have any relationship to the claims raised in his complaint. *See* 49 C.F.R. § 387.1 ("This subpart prescribes the minimum levels of financial responsibility required to be maintained by motor carriers of property operating motor vehicles in interstate, foreign, or intrastate commerce. The purpose of these regulations is to create additional incentives to motor carriers to maintain and operate their vehicles in a safe manner and to assure that motor carriers maintain an appropriate level of financial responsibility for motor vehicles operated on public highways."). Instead, he cites various state statutes which he contends bar the defendant from raising certain defenses against its obligation to indemnify and provide a defense in the state court action. But the plaintiff has not pointed to any federal statute that creates any cause of action pleaded in his complaint, nor has he explained how any substantial question of federal law is implicated by his garden variety contract claims. In order properly to apply the well-pleaded complaint test, the Court must "look beyond the face of plaintiff's allegations and the labels used to describe [his] claims and . . . evaluate the substance of plaintiff's claims" to determine if that substance involves federal law in any substantial way. *Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 519 (6th Cir. 2012). Here, based on all of the information submitted to date, the claims plainly do not involve any substantial question of federal law or invoke any federal cause of action.

The remainder of the plaintiff's amended pleading and argument in the show cause response is devoted to the proposition that the relevant factors favor the Court's exercise of its discretion to entertain the case under the Declaratory Judgment Act. But "[t]he Act provides no independent source of federal subject-matter jurisdiction." *Manley v. Law*, 889 F.3d 885, 893 (June 8, 2018). In order to invoke the "remedial option" provided by the Act, the plaintiff first must establish that there is some "independent basis for exercising jurisdiction." *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 282 n.4 (3d Cir. 2017) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). Before the Court may consider whether to exercise its discretion under the Act, it first must find that there is some sound basis for the invocation of federal jurisdiction in the first instance. Here there is none.

Accordingly, it is **ORDERED** that the complaint is **DISMISSED** without prejudice.

                                            s/David M. Lawson
                                            DAVID M. LAWSON
                                            United States District Judge

Date: November 29, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 29, 2018.

                        s/Susan K. Pinkowski
                        SUSAN K. PINKOWSKI